UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY GARVINS,

        Plaintiff,                     Case No. 2:09-cv-48

v.                                       Honorable Gordon J. Quist

GERALD HOFBAUER et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Gary Capello, James Armstrong, Greg McQuiggin, John Boynton, Connie Horton, Chris McKee, Glen Lemon, John Andrzejak, Terry Malloy, W. Jondrew, Unknown LaPlante and S. Raymond. The Court will serve the complaint against Defendants Gerald Hofbauer, Fred Govern, Chad Lacount, Mike Laitinen, Cathy Aalto, Larry Hill, John Kimsel,

Unknown Jakubiszyn, Ambre Ehle, Jeffery Stieve, Linda Tribley, L. Larson, J. Burke, Gloria Hill, W. Warren, Glen Richards, Clara Chosa, Anne Morin, Jeannie Stephenson, Unknown Crumpton, Mark West and Dawn Eicher.

**Discussion**

I.   Factual allegations

Plaintiff is currently incarcerated at Chippewa Correctional Facility. In his *pro se* complaint, he sues 34 Michigan Department of Corrections (MDOC) employees. He sues the following Marquette Branch Prison (MBP) employees: Warden Gerald Hofbauer, Resident Unit Manager (RUM) Fred Govern, Assistant Resident Unit Supervisor (ARUS) Chad Lacount, Grievance Coordinator Mike Laitinen, Assistant Deputy Warden Cathy Aalto, Health Unit Manager Larry Hill, Registered Nurse (RN) John Kimsel, Unknown Jakubiszyn, Ambre Ehle, and Doctor Jeffery Stieve. Plaintiff sues the following Baraga Maximum Correctional Facility (AMF) employees: Warden Gary Capello; Deputy Warden Linda Tribley; Assistant Deputy Wardens L. Larson and W. Jondrew; Resident Unit Officer (RUO) J. Burke; Grievance Coordinators Unknown LaPlante and S. Raymond; Health Unit Manager Gloria Hill; Doctor W. Warren; Supervisor RN Jeannie Stephenson; RNs Glen Richards, Clara Chosa and Anne M. Morin; and MDOC Region I Health Administrator Terry Malloy. Plaintiff sues the following Chippewa Correctional Facility (URF) employees: Warden Greg McQuiggin; Deputy Warden John Boynton; Assistant Deputy Warden Connie Horton; ARUS Chris McKee; RUM Glen Lemon; Assistant Deputy Warden John Andrzejak; Grievance Coordinator James Armstrong; Doctor Unknown Crumpton; Health Unit Manager Mark West; and RN Dawn Eicher.

Plaintiff asserts that he has a serious health condition and medical needs arising from a lung disorder. (Compl. at 9-10, 21.) He alleges that this condition is seriously aggravated by

- 2 -

Environmental Tobacco Smoke (ETS). (*Id.*)  Plaintiff filed six grievances against MBP staff between February 1, 2008 and July 7, 2008, alleging that those employees had been deliberately indifferent to his serious health condition and medical needs. (*Id.* at 3.)  Plaintiff alleges that he was retaliated against for filing those grievances and another lawsuit, which was filed in November 2007. (*Id.* at 6.)

Plaintiff arrived at MBP on December 4, 2007 and requested to be placed in ETS-free housing. (Compl. at 6.)  He made numerous requests between December 4, 2007 and May 6, 2008 to be given ETS-free housing. (*Id.* at 6-9.)  On May 8, 2008, he was transferred to AMF, allegedly in retaliation for his grievances and complaints. (*Id.*)  Between May 15, 2008 and October 3, 2008 Plaintiff made a number of requests to be placed in an ETS-free housing unit, requests for urgent medical health care, and requests for the other accommodations needed for his medical issues. (*Id.* at 13-20.)  Plaintiff also filed grievances against many of the AMF Defendants. (*Id.* at 14-20.)

On October 10, 2008, he was transferred to Chippewa Correctional Facility.  Plaintiff alleges that he was transferred in retaliation for the grievances and lawsuit that he filed against AMF employees. (*Id.* at 20.)  Upon arrival at URF, Plaintiff informed the URF staff that he had been given a special accommodation to be provided ETS-free housing. (*Id.*)  In October and November 2008, Plaintiff submitted multiple urgent health care requests for medical care and placement in ETS-free housing. (*Id.* at 21- 23.)  Plaintiff also filed grievances against some of the URF employees. (*Id.* at 23-25.)

As a result of the ETS exposure, Plaintiff alleges that he experienced severe chest pain, trouble breathing, shortness of breath, persistent cough, dizziness, feeling of congested lung and other ETS related complications. (Compl. at 16.)  He seeks compensatory and punitive damages in varying amounts against each Defendant. (*Id.* at 28-31.)

      II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Respondeat Superior

Plaintiff fails to make specific factual allegations against Defendants Capello and Armstrong other than his claim that they failed to conduct investigations in response to his complaints, letters and grievances. (Compl. at 14, 15, 18, 24-26.) Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Capello and Armstrong engaged in any active unconstitutional behavior.[1] Accordingly, he fails to state a claim against Defendants Capello and Armstrong.

### B.     Conclusory Allegations

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding

---

[1] To the extent that Plaintiff alleges Defendants Capello or Armstrong "personally participated in the alleged unconstitutional conduct" or knew of and disregarded Plaintiff's medical needs, Plaintiff's allegations are insufficient for the reasons set forth in Section B of this Opinion. (Compl. at 18, 25-26.)

that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct . at 1949 (quoting *Twombly*, 550 U.S. at 556).

Plaintiff alleges that Defendants McQuiggin, Boynton, Horton, McKee, Lemon and Andrzejak were "aware" of Plaintiff's medical conditions, that it was "aggravated by constant exposure to [ETS]," "knew of and disregarded the risk to Plaintiff health and personally failed to act." (Compl. at 23-25.) Plaintiff also alleges that Defendants Lemon and Andrzejak "personally participated in the alleged constitutional deprivation." (*Id*.) But he makes no specific factual allegations regarding how Defendants Lemon and Andrzejak "personally participated" in depriving Plaintiff of his constitutional rights. (*Id*.)

Plaintiff's only allegations against Defendant Malloy are, verbatim, that he "personally participated in the alleged unconstitutional conduct constitutional deprivation failed to act" and knew of Plaintiff's "serious health condition and medical needs and disregarded an excessive risk to plaintiff health." (*Id.* at 18.)

Plaintiff's allegations against Defendants Jondrew, LaPlante and Raymond are similar. Plaintiff alleges that Jondrew "personally participated in the alleged unconstitutional conduct constitutional deprivation," failed to act "via retaliation/fraud" and "knew of [Plaintiff's] serious health condition and medical needs[] and disregarded an excessive risk to [Plaintiff's] health." (*Id.* at 19.) Plaintiff alleges that Defendants LaPlante and Raymond "personally participated in the alleged unconstitutional conduct . . . deprivation via retaliation/fraud and failed

to act" and that Defendants "knew of [Plaintiff's] serious health conditions and medical needs, and deliberately disregarded an excessive risk to [Plaintiff's] health." (*Id.* at 19.)

Plaintiff's allegations against Defendants McQuiggin, Boynton, Horton, McKee Lemon, Andrzejak, Malloy, Jondrew, LaPlante and Raymond fall far short of the pleading standards set forth in *Twombly* and *Ashcroft.* Therefore, those Defendants will be dismissed.

### C.     Remaining Defendants

Plaintiff's allegations against the remaining Defendants are sufficient to state a claim for violation of his Eighth Amendment rights and warrant service of the complaint.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Gary Capello, James Armstrong, Greg McQuiggin, John Boynton, Connie Horton, Chris McKee, Glen Lemon, John Andrzejak, Terry Malloy, W. Jondrew, Unknown LaPlante and S. Raymond will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Gerald Hofbauer, Fred Govern*,* Chad Lacount, Mike Laitinen, Cathy Aalto, Larry Hill, John Kimsel, Unknown Jakubiszyn, Ambre Ehle, Jeffery Stieve, Linda Tribley, L. Larson, J. Burke, Gloria Hill, W. Warren, Glen Richards, Clara Chosa, Anne Morin, Jeannie Stephenson, Unknown Crumpton, Mark West and Dawn Eicher.

An Order consistent with this Opinion will be entered.


Dated:  June 26, 2009                                           /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                                UNITED STATES DISTRICT JUDGE