UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————

ANTHONY GARVINS,

       Plaintiff,

v.                                        Case No. 2:09-CV-48

GERALD HOFBAUER, et al.,           HON. GORDON J. QUIST

       Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING IN PART AND REJECTING IN PART**
**REPORT AND RECOMMENDATION**

      Plaintiff, Anthony Garvins, has filed an Objection to the Report and Recommendation dated August 23, 2010, in which Magistrate Judge Greeley recommended that Defendants' motions for dismissal and summary judgment be granted. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the Report and Recommendation to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

      Plaintiff alleges various claims against numerous Defendants arising out of his confinement at three different facilities, Marquette Branch Prison (MBP), Baraga Maximum Correctional Facility (AMF), and Chippewa Correctional Facility (URF), over the course of a little more than a year. Plaintiff alleges the following claims: (1) Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by subjecting him, and allowing him to be subjected, to excessive levels of environmental tobacco smoke (ETS); (2) Defendants Chosa,

Richards, Stephenson, and Jakubiszyn were deliberately indifferent to Plaintiff's need for medical treatment in specific instances in violation of the Eighth Amendment; and (3) Defendants Chosa, Hofbauer, Govern, LaCount, Aalto, Larry Hill, Kimsel, Jakubiszyn, Ehle, Tribley, Gloria Hill, West, and Eicher retaliated against Plaintiff for filing grievances. With regard to Plaintiff's ETS claim, the magistrate judge, citing annual air quality inspection reports, prison staff's efforts to enforce the no-smoking policy, and Plaintiff's placement in tobacco-free housing at all three facilities, concluded that the record was sufficient show that Defendants took reasonable measures to ensure that Plaintiff was not exposed to ETF and, further, demonstrated that Defendants did not act with deliberate indifference. With regard to Plaintiff's Eighth Amendment claims against Defendants Chosa, Richards, Stephenson, and Jakubiszyn, the magistrate judge concluded that for each of the instances giving rise to Plaintiff's claims, Plaintiff failed to show that he suffered from a serious medical condition or that Defendants were deliberately indifferent to his condition. Finally, with regard to Plaintiff's retaliation claim, the magistrate judge concluded that the claim failed against Defendant Chosa because she is employed as a nurse and lacks the authority to grant or deny Plaintiff tobacco-free housing. As for the other Defendants, the magistrate judge concluded that the retaliation claim fails because Plaintiff failed to demonstrate an adverse action that would deter a prisoner of ordinary firmness from continuing to engage in protected conduct.

In addition to recommending dismissal of Plaintiff's claims on the merits, the magistrate judge also recommended that: (1) Defendants Aalto and Ehle be dismissed for lack of personal involvement in the underlying conduct; (2) Plaintiff's official capacity claims be dismissed as barred by the Eleventh Amendment; (3) Defendants are entitled to qualified immunity on Plaintiff's individual capacity claims; (4) and Defendant Robert Crompton's motion to dismiss for improper service be granted.

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the relevant portions of the record, the Court concludes that the Report and Recommendation should be adopted in part and rejected in part as set forth below.

### *ETS Claim*

The Eighth Amendment's prohibition against cruel and unusual punishment applies to a denial of medical care where the prisoner can "show that the state defendants exhibited a deliberate indifference to his serious medical needs." *DeShaney v. Winnebago Count Dep't of Soc. Servs.*, 489 U.S. 189, 198-99 n.5, 109 S. Ct. 998, 1005 n.3 (1989). "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843, 114 S. Ct. 1970, 1982 (1994) (quoting *Helling v. McKinney*, 509 U.S. 24, 35, 113 S. Ct. 2475, 2481 (1993)). A claim based upon exposure to ETS, like other types of Eighth Amendment claims, has an objective and a subjective component. *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (citing *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977)). "To satisfy the objective component, a prisoner must show that his medical needs are 'sufficiently serious.'" *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (quoting *Hunt v. Reynolds*, 974 F.2d 734, 735 (1992)). In the context of ETS, a prisoner must show "more than 'mere discomfort or inconvenience.'" *Id.* at 426 (quoting *Hunt*, 974 F.2d at 735). Rather, a prisoner must show that prison officials "have exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35, 113 S. Ct. at 2481. "A claimant may satisfy the subjective prong of this inquiry by establishing that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must be both aware of facts from which the inference could be drawn

that a substantial risk of serious harm exits, and he must also draw the inference.'" *Clark-Murphy*, 439 F.3d at 286 (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979)).

Regarding the objective component, Plaintiff has presented evidence that he has a lung disorder that is exacerbated by exposure to cigarette smoke. More specifically, Plaintiff's evidence shows that he has a congenital bullous defect of his lungs that causes spontaneous pneumothorax, or a collapsed lung. Plaintiff has suffered a collapsed lung on at three occasions, one of which required a thoracotomy, or chest tube. Plaintiff's most recent episode relative to the instant lawsuit occurred in November 2007. On February 28, 2008, Plaintiff was seen by Dr. Jenkins, who recommended that Plaintiff be transferred to a tobacco-free unit. On April 25, 2008, Dr. Jenkins renewed his recommendation that Plaintiff be moved to a truly tobacco-free unit as Plaintiff was being "exposed to cigarette smoke in his housing unit on a daily basis," and cigarette smoke had triggered or caused Plaintiff's previous collapsed lung incidents. That same day, Dr. Jenkins issued Plaintiff a Special Accommodation Notice for tobacco-free housing from 4/25/08 through 4/25/50. Based upon this evidence, Plaintiff has presented sufficient evidence to demonstrate a serious medical condition.

The magistrate judge appears to have concluded that Plaintiff established the objective component of his claim. Nonetheless, the magistrate judge concluded that Plaintiff failed to establish the subjective component – that Defendants were deliberately indifferent. As support for this conclusion, the magistrate judge relied upon a "history of cell usage" report offered by Defendants, as well as the affidavits of Defendants Storey, Alexander, and Capello, to conclude that Plaintiff was housed in tobacco-free housing while he was incarcerated at MBP, AMF, and URF. In addition, the magistrate judge cited environmental inspection reports for inspections conducted at MBP, AMF, and URF, in 2007, 2008, and 2009, respectively, showing that all of the housing

4

units at these facilities were in compliance with Indoor Air Quality Standards. Finally, the magistrate cited Defendants' evidence that staff at all three facilities continually enforced the no-smoking policy by writing misconduct tickets for inmates who broke the no-smoking rules.

In spite of his conclusion that Plaintiff cannot show deliberate indifference, the magistrate judge failed to consider Plaintiff's sworn allegations that, contrary to Defendants' evidence, he was never housed in tobacco-free housing at any of the three facilities, in spite of his repeated requests for such housing and his special accommodation notice directing that Plaintiff be transferred to "truly" tobacco-free housing. In fact, Plaintiff's evidence concerning his grievances and the various health care request forms that he completed confirm his claim that while he was housed in "smoke-free" facilities, in which prisoners were allowed to possess tobacco products and often broke the rules by smoking indoors, he was never housed in tobacco-free housing per his special accommodation notice. (Compl. Exs., docket nos. 1-3, 1-4, 1-5, 1-6.) Moreover, Plaintiff's evidence shows that while he was housed at MBP, AMF, and URF, he continually complained of chest pains, shortness of breath, dizziness, and coughing. In light of Plaintiff's evidence in support of his claim that Defendants were aware of but ignored his medical need for tobacco-free housing, the Court concludes that a genuine issue of material fact remains as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. *See Davis v. Bell*, No. 1:06-CV-690, 2007 WL 1544153 (W.D. Mich. Mar. 27, 2007) (holding that the plaintiff's evidence was sufficient to show that the defendants were deliberately indifferent to the plaintiff's serious medical needs where prison officials failed to honor the plaintiff's special accommodation notice for placement in a tobacco-free unit); *Fisher v. Caruso*, No. 03-CV-71804-DT, 2006 WL 2711807 (E.D. Mich. Sept. 21, 2006) (denying the defendant's motion for summary judgment where the defendants ignored the

plaintiff's complaints of exposure to second hand smoke, notwithstanding the defendant's air quality evidence and evidence of efforts to enforce the MDOC's anti-smoking policy).

### *Denial of Medical Treatment*

With regard to Plaintiff's non-ETS claims against Defendants Chosa, Richards, Stephenson, and Jakubiszyn, the magistrate judge concluded that Plaintiff failed to show that he suffered from a serious medical condition or that these Defendants were deliberately indifferent to Plaintiff's condition. Based upon its review of the record, the Court concurs with the magistrate judge that Plaintiff failed to show that these Defendants were deliberately indifferent, particularly because as health care providers, they had no authority to make decisions on Plaintiff's housing or to address violations of the non-smoking policy by other inmates in Plaintiff's unit. Although Plaintiff briefly addresses his claims against these Defendants in his Objection, he fails to develop a coherent argument for rejecting the magistrate judge's conclusion.

### *Retaliation Claim*

Plaintiff objects to the magistrate judge's recommendation that the Court grant summary judgment on Plaintiff's retaliation claim. Although Plaintiff does not distinguish between his claim against Defendants Chosa and the other Defendants, the Court concludes that the magistrate judge properly recommended dismissal of the retaliation claim against Defendant Chosa, as she is a registered nurse who lacked authority to make decisions on where Plaintiff was to be housed and could not control the behavior of prisoners in Plaintiff's housing unit. Similarly Defendant Richards is entitled o summary judgment because he was in the same position as Defendant Chosa, i.e., without authority to determine Plaintiff's housing assignment or to control the behavior of prisoners in Plaintiff's housing unit. With regard to the other Defendants, however, the Court concludes that the magistrate judge's recommendation for summary judgment should be rejected. As discussed

6

above, the magistrate judge based his recommendation on the lack of adverse action. This recommendation was based, at least in part, upon the conclusion that Plaintiff was housed in tobacco-free housing at MBP, AMF, and URF. But, as already mentioned, Plaintiff has presented sufficient evidence to rebut Defendants' assertions that Plaintiff was housed in tobacco-free housing. According to Plaintiff, he was never housed in such housing and was continuously exposed to high levels of ETS. Based upon the evidence Plaintiff has presented, the Court concludes that a genuine issue of material fact remains with regard to whether Plaintiff was subjected to an adverse action that would deter a prisoner of ordinary firmness from continuing to engage in protected conduct.

### *Supervisory Liability*

Plaintiff also objects to the magistrate judge's conclusion that Defendants Aalto and Ehle are entitled to summary judgment because they were not personally involved in the constitutional deprivation. The magistrate judge noted that Plaintiff's allegations show that Defendants Aalto and Ehle were solely involved as responders to Plaintiff's step I grievances. Although Plaintiff states that he has pointed to facts rendering Defendants Aalto and Ehle liable on his claims, Plaintiff fails to point to any specific facts in his Objection. Because Plaintiff has failed to show that these Defendants had any involvement beyond denying Plaintiff's grievances, the magistrate judge properly concluded that they should be dismissed. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

### *Qualified Immunity*

The magistrate judge concluded that Defendants are entitled to qualified immunity because Plaintiff failed to show that Defendants violated his constitutional rights. Because the magistrate

7

judge found no constitutional violations, he was not required to reach the issue of whether the rights Plaintiff alleges were violated were clearly established. As set forth above, the Court concludes that Plaintiff's evidence is sufficient to support Plaintiff's Eighth Amendment ETS claim and his retaliation claim. The Court has little difficulty concluding that Plaintiff's Eighth Amendment right to be free from exposure to excessive ETS was clearly established. *See Hunt v. Reynolds*, 974 F.2d 734 (6th Cir. 1992). Similarly, Plaintiff's right to be free from retaliation for exercising his First Amendment rights was clearly established. *See Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc). Finally, Plaintiff's evidence is sufficient to show that Defendants' acts of transferring him to facilities having no tobacco-free housing were objectively unreasonable.

### *Defendant Crompton's Motion*

The magistrate judge recommended that Defendant Crompton's motion to dismiss for improper service be granted because Defendant Crompton was not properly served. Although the magistrate judge acknowledged that Defendant Crompton's employer, Correctional Medical Services, has authorized the Court to serve its employee-doctors through The Corporation Company, he concluded that service was technically improper because The Corporation Company was not Defendant Crompton's authorized agent for service. Although Plaintiff objects to this portion of the Report and Recommendation, Plaintiff simply asserts that he is entitled to entry of a default judgment against Defendant Crompton. Plaintiff fails to explain why the magistrate judge erred in concluding that Defendant Crompton was not properly served.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 23, 2010 (docket no. 127), is **ADOPTED IN PART AND REJECTED IN PART**. The Report and Recommendation is **adopted** with regard to the Magistrate Judge's

recommendations that: (1) Defendants Chosa, Richards, Stephenson, and Jakubiszyn are entitled to summary judgment on Plaintiff's Eighth Amendment claims; (2) Defendants Chosa and Richards are entitled to summary judgment on Plaintiff's retaliation claim; (3) Defendants Aalto and Ehle are entitled to summary judgment for lack of personal involvement in the alleged constitutional deprivations; (4) Plaintiff's official capacity claims be dismissed as barred by the Eleventh Amendment; (5) Defendant Crompton be dismissed for lack of proper service; and (6) Plaintiff's pending motions for default summary judgment and for injunctive relief be denied. The Report and Recommendation is **rejected** with regard to the recommendations that: (1) summary judgment be granted on Plaintiff's Eighth Amendment/ETS claim; (2) summary judgment be granted on Plaintiffs' retaliation claims against Defendants Hofbauer, Govern, LaCount, Larry Hill, Kimsel, Jakubiszyn, Tribley, Gloria Hill, West, and Eicher; and (3) Defendants are entitled to qualified immunity.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 65) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to Plaintiff's claims against Defendants Aalto and Ehle, which are **dismissed with prejudice**. The motion is also **granted** with regard to Plaintiff's official capacity claims against Defendants. The motion is **denied** with regard to Plaintiff's Eighth Amendment/ETS and retaliation claims and with regard to Defendants' assertion of qualified immunity.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 111) is **GRANTED**, and Plaintiff's claims against Defendants Richards, Chosa, and Stephenson are **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Defendant Crompton's Motion To Dismiss For Improper Service (docket no. 91) is **GRANTED**.

9

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Default Summary Judgment[1] (docket no. 70) and Plaintiff's Motion For Preliminary Injunction and Temporary Restraining Order (docket no. 106) are **DENIED**.

Dated: September 29, 2010                         /s/ Gordon J. Quist
                                                                   GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's Motion for Default Summary Judgment was asserted against Defendants Chosa, Richards, Stephenson, anc Crompton. For the reasons set forth above, these Defendants are dismissed from the case. In addition, Plaintiff asserted his motion against J. Burke and Dr. W. Warren, who were never served in this case.