UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY GARVINS,

    Plaintiff,

v.

GERALD HOFBAUER, et al.,

    Defendants.
_____/

File No. 2:09-CV-48

HON. ROBERT HOLMES BELL

## O P I N I O N

This prisoner civil rights case is before the Court on Defendants' appeal of the Magistrate Judge's November 4, 2011, order granting Plaintiff's motion and modifying the case management order to extend the discovery and dispositive motion deadlines by two months. (Dkt. No. 222, Appeal; Dkt. No. 218, Order.)

A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law,

as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, 1:07-CV-76, 2010 WL 748215 (W.D. Mich. Mar. 1, 2010) (Maloney, C.J.) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). This Court exercises its independent judgment with respect to a magistrate judge's legal conclusions. *Id.*

Defendants object to the order because it was entered before they had an opportunity to respond to Plaintiff's motion to modify the scheduling order and because the extension of discovery is not warranted.

Defendants have not asserted that entry of the order before the expiration of the 14-day briefing schedule under Local Rule 7.2(c) was contrary to law. The local court rules expressly permit the court, in its discretion, to shorten any time limit established by the local rules, with or without prior notice or motion. W.D. Mich. LCivR 7.1(c).

Defendants' opposition to the order extending the discovery and dispositive motion deadlines as unwarranted challenges the Magistrate Judge's management of this case. The magistrate judges of this district have been granted full authority in all matters of discovery and case management in prisoner civil rights cases.[1] Scheduling, discovery, and other case management issues fall within the broad discretion of the magistrate judge. Given the

---

[1] Upon filing, § 1983 prisoner civil rights case are referred to a magistrate judge to "enter such orders and conduct such proceedings in that case as are authorized by statute or rule." W. D. Mich. LCivR 72.2(b). 72.1(e). The magistrate judges of this district have been empowered to perform all duties authorized by 28 U.S.C. § 636, including the power to "hear and determine any procedural or discovery motion or other pretrial matter in a case." W.D. Mich. LCivR 72.1.

magistrate judges' primary role in managing pretrial issues, this Court reviews their discovery and case management decisions with great deference. To the extent a party is challenging the magistrate judge's exercise of discretion in these areas, the magistrate judge's decision is reviewed for abuse of discretion. *See*, *e.g.*, *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, CIV.A. 05-5727 (GEB), 2010 WL 2629062 (D. N.J. June 28, 2010) (noting that although legal conclusions are reviewed de novo, "where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied."); *In re Dwight's Piano Co.*, 2008 WL 5428008, at *1 (S.D. Ohio Dec. 24, 2008) ("Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive motions, the court will overrule the magistrate judge's determination only if this discretion is clearly abused."); *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D. N.J. 2008) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."); *Haworth Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (Enslen, C.J.) ("Where the relevant legal standard under the Federal Rules of Civil Procedure requires the decision-maker to 'do justice' or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion."). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

The Magistrate Judge did not abuse her discretion by extending the discovery deadline. Plaintiff's motion to modify the scheduling order provided good cause for extending the deadline, including his asserted inability to complete discovery without a motion to compel discovery, and the need to accommodate his law student associates' schedules. (Dkt. No. 217.) Moreover, although Defendants were not heard on this motion, the Magistrate Judge was generally aware of Defendants' arguments in opposition based on Defendants' opposition to the previous extension of discovery. (Dkt. Nos. 207, Defs.' Mot. to Quash CMO.) Finally, although Defendants allege that they will suffer additional prejudice if further extensions of discovery are granted, Defendants have not identified how they will be prejudiced. The dispositive motion deadline was extended to match the discovery deadline, and the extension did not alter the trial date.

The Court concludes that the Magistrate Judge's November 4, 2011, order modifying the case management order to extend the discovery and dispositive motion deadlines (Dkt. No. 218, Order) was neither clearly erroneous nor contrary to law. It was well within the Magistrate Judge's discretion to grant Plaintiff's motion and to do so prior to the expiration of the full briefing period.

An order consistent with this opinion will be entered.

Dated: April 30, 2012                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE