UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY GARVINS,

        Plaintiff,

                                                File No.  2:09-CV-48

v.

                                                HON. ROBERT HOLMES BELL

GERALD HOFBAUER, et al.,

        Defendants.

_____/

**O P I N I O N**

This prisoner civil rights case is before the Court on Defendants' and Michigan Department of Corrections Director Daniel Heyns's appeal of the Magistrate Judge's January 4, 2012, and February 9, 2012, orders (Dkt. Nos. 261, 293, Orders). (Dkt. No. 301, Appeal.) The January 4, 2012 order granted Plaintiff's amended motion to enforce subpoena, and the February 9, 2012, order denied Defendants' motion for reconsideration and/or relief from that order.  Defendants contend that the subpoena to Director Heyns was not validly served, and that the Magistrate Judge's attempt to enforce the invalid subpoena is clearly erroneous and contrary to law.

A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a).  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has

been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517

(6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A

legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as

found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, 1:07-CV-76,

2010 WL 748215 (W.D. Mich. Mar. 1, 2010) (Maloney, C.J.) (citing *Gandee v. Glaser*, 785

F. Supp. 684, 686 (S.D. Ohio 1992)). This Court exercises its independent judgment with

respect to a magistrate judge's legal conclusions. *Id.*

Defendants and Director Hynes contend that the order enforcing the subpoena should

be reversed because the Magistrate Judge did not address the issue of whether a subpoena

that has not been personally served may be enforced.

Contrary to Appellants' assertion, the Magistrate Judge did address the issue. The

Magistrate Judge determined that the issue was moot. (Dkt. No. 293, Order at 1-2 ("The

issue of the validity of the service of the subpoena on Director Heyns is dismissed as

moot.").) Appellants have not challenged the determination that the issue is moot. Director

Hynes appeared through counsel to respond to Plaintiff's motion to enforce the subpoena.

Accordingly, there is no dispute that Director Hynes had actual notice of the subpoena and

an opportunity to challenge it. Given these facts, the Magistrate Judge's determination that

the issue is moot has factual and legal support. *See Hendricks v. Total Quality Logistics,*

*LLC*, 275 F.R.D. 251, 252-53 (S.D. Ohio 2011) (holding that despite failure to comply with

Rule 45's notice provision, where plaintiff was able to lodge objections to the subpoenas and suffered no irreversible prejudice, the court could move beyond the Rule 45 violation); *McClendon v. TelOhio Credit Union, Inc.*, 2006 WL 2380601, at *3 (S.D. Ohio Aug. 14, 2006) (holding that in the absence of prejudice, "the Court is entitled to move beyond the alleged violation of Rule 45(b) and look to the merits of the issue of whether the subpoenaed information is properly discoverable."); *United States v. Miller*, 2007 WL 178581, at *3 (N.D. Ind. 2007) (holding that despite lack of personal service, where the subpoenaed party had actual notice of the subpoena and appeared for a court-hearing regarding the subpoena, any defects in the service were cured).

In addition, the Court is satisfied that the subpoena can be enforced under the circumstances of this case. Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Rule 45 does not define the term "delivery," nor does it explicitly require personal, in-hand service of a subpoena. Although Rule 45 has historically been interpreted to require personal service, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." 9A Charles Alan Wright et al., *Federal Practice & Procedure Civil* § 2454 (3d ed.). The Sixth Circuit has not addressed the issue, but a number of district courts within this circuit have recently taken the position that service is effective so long as it reasonably insures actual receipt of the subpoena. *See*, *e.g.*, *OceanFirst Bank v. Hartford Fire Ins. Co.*,

794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (interpreting Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort); *Powell v. Time Warner Cable, Inc.*, 2:09-CV-00600, 2010 WL 5464895 (S.D. Ohio Dec. 30, 2010) ("The Court agrees with and adopts the analyses of those courts finding that service of a subpoena is effective so long as it reasonably insures actual receipt."); *Halawani v. Wolfengarger*, No. 07-15483, 2008 WL 5188813, at *4 (E.D. Mich. Dec.10, 2008) (agreeing that Rule 45 does not require hand delivery).

> Simply put, the law is in a state of flux on this point, and there does not appear to be any binding Sixth Circuit law. However, in circumstances where the service of the subpoena was not personal or other procedural requirements of Rule 45 were arguably not met, but the party did actually receive the subpoena in a timely fashion and was not prejudiced by the method of service, it is appropriate for the court to overlook any technical deficiencies and explore the merits of the discovery request.  The court will take that approach here.

*Gist v. Pilot Travel Centers, LLC*, 3:10-MC-0095, 2011 WL 4055788 at *2, n.1 (M.D. Tenn. Sept. 12, 2011) (citations omitted).   *But see McClendon v. TelOhio Credit Union, Inc.*, 2:05-CV-1160, 2006 WL 2380601 (S.D. Ohio Aug. 14, 2006) (noting in passing that "Rule 45(b)(1) requires personal service of subpoenas"); *Brumley v. Albert E. Brumley & Sons, Inc.*, 3:08-1193, 2010 WL 2696486 (M.D. Tenn. July 7, 2010) (holding that rule 45 subpoenas "must be served personally upon the witness in accordance with the provisions of Rule 45(b)").

The subpoena was served on Linda Wittman.  Plaintiff asserts that Ms. Wittman is in

charge of the Litigation Section of the Michigan Department of Corrections, and that she has

accepted service on behalf of the Director in the past.  The Director does not challenge these

assertions.  Moreover, acceptance of the subpoena by the Litigation Sections' Administrator,

Manager, or designee would be consistent with the MDOC's own Policy Directive. *See* P.D.

02.01.102 ¶ X ("The Administrator of the Office of Legal Affairs, the Manager of the

Litigation Section, and designees are the only people authorized to accept service of a lawsuit

on behalf of the Director or the Department.")  The Director received actual notice of the

subpoena and has appeared through counsel to challenge it.  Under these circumstances, the

Court is satisfied that the Magistrate Judge acted within her authority to enforce the

subpoena, both because the service complied with Rule 45, and because any defect in service

was cured.

Defendants argue in the alternative that even if the subpoena was properly served on

the Director, the order enforcing the subpoena should be reversed because Plaintiff has

multiple alternatives for obtaining the files, and subpoenaing the Director to bring records

to Plaintiff Counsel's office is unnecessary and would set an improper precedent, given the

large number of prisoner cases.

Because the Director's argument challenges the Magistrate Judge's exercise of her

discretion, it is reviewed for abuse of discretion.  The Magistrate Judge considered and

rejected the Director's argument:

> Regarding the director's counsel's concerns of harassment by prisoners
> through subpoena practice, the court is not persuaded that this will occur.  It

is the court's opinion that Director Heyns was subpoenaed only because of the obstructive approach to discovery taken by defendants' counsel. Thus, the court declines to enter a ruling on what movants suggest is now essentially a non-issue in this matter.

(Dkt. No. 293, Order 2.)

The Magistrate Judge clearly gave consideration to the unique problems inherent in prisoner litigation, and determined that enforcement of the subpoena in this case would not set an improper precedent. The Court finds no abuse of discretion.

For the reasons stated, the Magistrate Judge's January 4, 2012, and February 9, 2012, orders granting Plaintiff's amended motion to enforce subpoena, and denying Defendant motion for reconsideration and/or relief from that order (Dkt. Nos. 261, 293, Orders) will be affirmed.

An order consistent with this opinion will be entered.


Dated: <u>May 4, 2012</u>                                  /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE